Affirmed and Opinion filed January 11, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00290-CR

___________________

 

Sabina Muhammed, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the County Criminal Court At Law No. 11

Harris County,
Texas



Trial Court Cause No. 1503102

 



 

 

OPINION

Appellant, Sabina Muhammed, appeals
her conviction of the offense of breach of computer security.  See Tex.
Penal Code Ann. § 33.02 (West 2003).  The trial court assessed appellant’s
punishment at 180 days’ confinement in the Harris County Jail, probated for two
years.  On appeal, appellant brings four issues challenging her conviction.  We
affirm.

Factual
and Procedural Background

Appellant and the complainant, Heber Saravia, an
engineering student, both attended the University of Houston (“UH”).  At the
end of the spring 2004 semester, Saravia received an email in one of his UH
accounts from an unknown Yahoo account, which contained his social security number. 
This was the beginning of a series of incidents involving Saravia’s UH
account.  These included one incident in the fall of 2004, when Saravia discovered
that someone had hacked into his UH account, changed his password, and had deleted
all of his engineering work stored there.  The incidents began to escalate in
2006 when Saravia started receiving emails inquiring about his personal life. 
One of these provided a hint as to who the sender might be: the email mentioned
“their name started with an ‘S.’”  Another incident involved Saravia receiving a
notice from the UH College of Business indicating he had requested to change
his major.  Saravia testified this was not correct as he was “in the middle of
[his] engineering degree” and was passing all of his classes.

In addition to incidents involving his UH account, Saravia
testified he noticed appellant waiting for him outside his classrooms, observing
him at the Metro bus stop, and following him around the UH campus.  Saravia also
testified that appellant sent him a “friend request” on Facebook.  In addition,
Saravia testified that transcripts of other UH students were mailed to his home
address.  During the spring of 2007, the UH Police Department notified Saravia
that someone had been using his e-mail address to conduct fraudulent
activities.  Saravia testified he never granted appellant permission to access
his UH account or any of the information contained therein.

David Canales, a UH alumnus, also testified at appellant’s
trial.  Canales testified that he had encountered problems with his UH account similar
to those experienced by Saravia.  Canales also testified that he had witnessed appellant
following him around the UH campus as well.  After Canales reported to the UH
Police Department that someone had hacked into his UH account and made changes,
Officer Russell Lyman of the UH Police Department began investigating.

The UH information technology (“IT”) department
provided Officer Lyman with IP addresses that were used to access UH students’
information.[1]
 Most of these IP addresses were located at UH, however one was located at Lone
Star College (“LSC”).[2] 
Officer Lyman then looked for a connection between the two schools.  He
discovered that appellant, a UH student, worked at LSC as a tutor and had access
to the computers located on the LSC campus.  Officer Lyman requested that the LSC
police monitor appellant’s computer use.

During trial, the State called Officer Pervaiz Parker,
an LSC police officer, to the stand.  Officer Parker testified that he knew
appellant only worked at LSC on Saturdays.  He then testified that on Saturday,
February 24, 2007, he spotted appellant in the LSC computer lab.  Officer
Parker walked behind appellant while she was using one of the computers in the
LSC computer lab.  Officer Parker noticed that appellant was accessing the UH
website.  Officer Parker also saw the name “Vargas” on appellant’s computer
screen.  Officer Parker testified that he had been notified that Vargas was one
of the six names associated with UH accounts that had been improperly accessed.

At that point, Officer Parker contacted an
information technician at the LSC IT department, Wesley Parker.  Officer Parker
asked Mr. Parker to remotely monitor appellant’s computer.  Mr. Parker proceeded
to remotely access appellant’s computer and determined she was on the UH
website.  Mr. Parker, and later his supervisor Celeste Burkards, captured
images of the computer screens as appellant accessed various UH student
accounts for approximately forty minutes.  During this time period, appellant
accessed Saravia’s student account as well as the accounts of other UH students. 
After appellant finished browsing, she deleted her browsing history and
cookies.  The images of appellant’s activities that had been captured by Mr. Parker
and Ms. Burkards were printed, turned over to Officer Lyman, and admitted into
evidence during appellant’s trial.

During trial, appellant took the stand and insisted
that mismanagement of the UH computer accounts was responsible for the breach
of security on Saravia’s UH account.  Appellant maintained she did not know Saravia
and had never noticed him on the UH campus.  Appellant further testified that she
was always either in class, at work, or at home studying, and therefore could
not have been in the same places as Saravia.  Appellant testified to this
effect even though Saravia had not testified as to specific dates and times
when he had seen appellant following him.  When asked about the State’s screen
captures, appellant did not recall seeing any of the screen images and implied that
the images had been fabricated as they appeared “copied and pasted.”

Following the close of the evidence, the jury found
appellant guilty of the misdemeanor offense of breach of computer security.  The
trial court assessed appellant’s punishment at confinement for 180 days in the
Harris County Jail plus a fine, but placed appellant on community supervision
for two years.

Appellant filed a motion for new trial.  During the
hearing, appellant called Uche Okafor to testify with regard to the
authenticity of the State’s screen shots.  Mr. Okafor testified that he is the
founder of Iseek4 Computer Consulting, an IT support company, which provides
small businesses with an “IT platform.”  Mr. Okafor also testified that his
company deals with networking, database management, computer surveillance,
software management, and other similar activities.  He also testified that he
had discovered discrepancies in the State’s screen shots.  For instance, Mr. Okafor
noted that several of the State’s exhibits simultaneously displayed the alleged
hacking from appellant’s remotely-accessed computer with the computer clock
showing the date and time.  Mr. Okafor opined that when an individual accesses
a remotely-accessed computer, such as the one used by appellant, it is
impossible for that person to “pull up the clock from the computer to show the
time and date.”  Mr. Okafor also insisted the UH system had “very good security
policies” where it was “impossible . . . that a student can access the [UH]
e-mail account without being the actual student or knowing the user
credentials.”  

Appellant argued Mr. Okafor’s testimony during the
hearing constituted “new evidence.”  However, the trial judge pointed out that
appellant could have subpoenaed Mr. Okafor to testify at trial and, therefore, Mr.
Okafor’s testimony was not “newly-discovered evidence.”  The trial court then denied
appellant’s motion for new trial.  This appeal followed.

Discussion

Appellant raises four issues on appeal: (1) the
evidence is insufficient to establish appellant knew she was acting without
Saravia’s consent when she accessed his UH computer account; (2) if section
33.02 of the Texas Penal Code does not require that appellant knew she lacked
consent, the statute is unconstitutional under the overbreadth doctrine; (3)
the trial court erred in “defining proof beyond a reasonable doubt as a
decision based on ‘common sense;’” and (4) the trial court erred by denying the
motion for new trial.

I.         Is the evidence
sufficient to support appellant’s conviction?

In her first issue, appellant contends the evidence
adduced at trial by the State was insufficient to support her conviction.  We
disagree.

A.        The standard of
review.

Even though appellant does not specify in her first
issue whether she is challenging the legal or factual sufficiency of the
evidence, appellant cites the Jackson v. Virginia standard of review and
in her prayer appellant asks this court to reverse her conviction and order a
judgment of acquittal.  Accordingly, we construe this as a challenge to the legal
sufficiency of the evidence.  See Jackson v. Virginia, 443 U.S. 307, 311-12,
99 S.Ct. 2781, 2785, 61 L.Ed.2d 560 (1979) (appellant raised legal sufficiency
claim); Flores v. State, 139 S.W.3d 61, 64 (Tex. App.—Texarkana 2004,
pet. ref’d) (“If the evidence is legally insufficient, the appropriate remedy
is to reverse the conviction and render a judgment of acquittal.”); Rischer
v. State, 85 S.W.3d 839, 842–43 (Tex. App.—Waco 2002, no pet.) (court
analyzed appellant’s claim under legal sufficiency standard because appellant
requested a reversal and acquittal even though he did not specify whether he
was challenging a legal or factual sufficiency); Gutierrez v. State, 71
S.W.3d 372, 376 (Tex. App.—Amarillo 2001, pet. ref’d).

Making this distinction has recently become less
significant because a majority of the judges of the Texas Court of Criminal
Appeals has determined that “the Jackson v. Virginia legal-sufficiency
standard is the only standard that a reviewing court should apply in
determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable
doubt.”  Brooks v. State, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010) (plurality
op.).[3] 
Therefore, regardless of whether a criminal defendant challenges the legal or
factual sufficiency of the evidence, the standard of review is the same.

In a sufficiency review, we view all the evidence in
the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L. Ed.
2d 569; Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). 
The jury, as the sole judge of the credibility of the witnesses, is free to
believe or disbelieve all or part of a witness’ testimony.  Jones v. State,
984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  The jury may reasonably infer
facts from the evidence presented, credit the testimony of the witnesses it
chooses to believe, disbelieve any or all of the evidence or testimony
proffered, and weigh the evidence as it sees fit.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).  Reconciliation of conflicts in the
evidence is within the jury’s discretion, and such conflicts alone will not
call for reversal if there is enough credible evidence to support a
conviction.  Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App.
1986).  An appellate court may not re-evaluate the weight and credibility of
the evidence produced at trial and in so doing substitute its judgment for that
of the fact finder.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000).  Inconsistencies in the evidence are resolved in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  We do not engage in a
second evaluation of the weight and credibility of the evidence, but only
ensure the jury reached a rational decision.  Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784
(Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).

B.        Analysis

Appellant was charged with the offense of breach of
computer security.  See Tex. Penal Code Ann. § 33.02 (West 2003).  A
person commits this offense “if the person knowingly accesses a computer,
computer network, or computer system without the effective consent of the
owner.”  Tex. Penal Code Ann. § 33.02(a).  In her first issue, appellant begins
with the assertion that, to convict her of the charged offense, the State was
required to prove that she not only knowingly accessed Saravia’s UH computer account,
but also that she did so knowing  that Savavia had not given effective consent
for this action. .[4] 
She then argues that the evidence was insufficient to prove either element of the
offense.  In response, the State agrees with appellant that the knowledge
requirement applies to both the access and the consent elements of the offense,
but nonetheless asserts the evidence is sufficient.  The parties have not cited
and research has not revealed any cases on this issue.  We hold that, to obtain
a conviction under this statute, the State must prove that the defendant knowingly
accessed a computer, computer network, or computer system, knowing that this
act was without the effective consent of the owner.

We measure the sufficiency of the evidence
against a hypothetically correct jury charge.  Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997).  Under a hypothetically correct jury charge the
State was required to prove that (1) appellant, (2) on or about February 24,
2007, (3) in Harris County, Texas, (4) knowingly accessed Saravia’s computer
account or computer network, and (5) she did so knowing her access was without
Saravia’s consent.  See Tex. Penal Code Ann. §§ 6.03(b); 33.01(1),(4)-(6),
(8); 33.02(a).  Under the statute, “access” means “…to approach, instruct,
communicate with, store data in, retrieve or intercept data from, alter data or
computer software in, or otherwise make use of any resource of a computer,
computer network, computer program, or computer system.”  Id. § 33.01(1).
 

A jury may infer knowledge or intent from the acts,
conduct, and remarks of the accused, and from the surrounding circumstances.  Hernandez
v. State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991) overruled on other
grounds by Fuller v. State, 829 S.W.2d 191 (Tex. Crim. App. 1992).  Direct
evidence of the elements of the offense is not required.  Hooper v. State,
214 S.W.3d 9, 14 (Tex. Crim. App. 2007).  Indeed, proof of a culpable mental
state almost invariably depends upon circumstantial evidence.  Martin v.
State, 246 S.W.3d 246, 263 (Tex. App.—Houston [14th Dist.] 2007, no pet.). 
Juries are permitted to make multiple reasonable inferences from the evidence
presented at trial, and circumstantial evidence is as probative as direct
evidence in establishing the guilt of an actor.  Hooper, 214 S.W.3d at
14–16.  Circumstantial evidence alone can be sufficient to establish guilt.  Id.
at 15.

We conclude there is ample evidence in the record
establishing that appellant knowingly accessed Saravia’s UH computer account
without his consent.  Officer Parker testified that on February 24, 2007, he observed
appellant sitting at a computer in the LSC computer lab.  Officer Parker walked
by appellant’s computer and noticed the UH website logo on the screen of the
computer being used by appellant.  Officer Parker testified he asked Mr. Parker
to check the specific computer appellant used.  Mr. Parker testified that he
was able to identify appellant’s specific computer due to the computers’
numbering system, which consisted of a “big white sticker on top of the computers
with the names on them.”  Furthermore, Burkards testified she observed
appellant browsing through Saravia’s email account in real-time.  Such
testimony supports the jury’s verdict.  Therefore, we hold there is sufficient
evidence to establish appellant illegally accessed Saravia’s UH computer account. 


Appellant further contends there is insufficient evidence
in the record proving that she knew Saravia had not given his consent for her to
access his UH computer account.  We conclude there is sufficient evidence in
the record to support the jury’s verdict.  During trial, Saravia testified he
never gave appellant permission to access his UH account nor consented for
appellant to use his password.  Saravia also testified he did not personally
know appellant, but he had noticed her following him around the UH campus and knew
that she had requested his friendship on Facebook.  Saravia further testified
that the sender of the emails he received indicated that his or her name
started with an “S.”  Saravia’s testimony supports the jury’s verdict.  A
reasonable jury could choose to believe the testimony and documents in support
of the State’s argument.  Thus, viewing the evidence in the light most
favorable to the jury’s verdict, we conclude there is sufficient evidence upon
which a rational trier of fact could have found Saravia did not give appellant
consent to access his UH computer account and that appellant unlawfully
accessed that account knowing she did not have consent to do so.  We overrule
appellant’s first issue.

II.        Appellant’s
second issue need not be addressed.

In her second issue, appellant contends that if the
statute under which she was prosecuted does not require the actor have
knowledge that her action is without the consent of the victim, the statute is
unconstitutionally overbroad.  Specifically, appellant argues if the knowledge
requirement is not applied to the consent element, this would result in “strict
liability for opening an e-mail addressed to the actor, or otherwise opening up
computer data without knowledge that the actor was not supposed to receive the
data.”  Because we have decided the knowledge requirement applies to both the
access and consent elements of the offense, we need not address this issue.  Tex.
R. App. P. 47.1.

III.      Did the trial
court err when it discussed “beyond a reasonable doubt” during voir dire?

            In her third
issue, appellant alleges the trial court erred when it gave the venire the
following explanation of reasonable doubt during voir dire:

[t]he burden of proof in this case is going to be beyond a
reasonable doubt.  It's not beyond all doubt or beyond a shadow of a doubt.  It's
not 100 percent.  Nobody could make that burden unless you were a witness
yourself, perhaps, to an event.  And if that were the case, you wouldn't be
sitting here in the jury room.  You would be back in the witness room waiting
to testify.  So, the law does not require that you be convinced 100 percent;
but you must be convinced beyond a reasonable doubt.  There's no legal
definition.  You will use your common sense to conclude whether or not you've
been convinced beyond a reasonable doubt at the end of the trial.

Appellant did not object to
the trial court’s explanation.  The State asserts appellant did not preserve
error because she did not object to the trial court’s comment.

            As a general
rule, a defendant must make a timely and specific objection to preserve error
for appellate review.  Tex. R. App. P. 33.1(a).  Appellant acknowledges the
general rule, but asserts it does not apply to her third issue by citing to Blue
v. State.  41 S.W.3d 129 (Tex. Crim. App. 2000) (plurality op.).  In Blue,
the trial court apologized to the venire panel for its long wait and then
explained that the delay occurred because the defendant was indecisive on
whether to accept a plea bargain.  Id. at 130.  The trial court then
expressed its preference that the defendant had pled guilty.  Id.  A
plurality of the Texas Court of Criminal Appeals held the trial court’s
comments during voir dire “tainted [the defendant’s] presumption of innocence
in front of the venire, were fundamental error of constitutional dimension and
required no objection.”  Id. at 132.  Appellant argues we should hold
that the trial court’s “beyond a reasonable doubt” explanation impinges on the
presumption of innocence in the same manner as the trial court’s comments in Blue
and therefore constitutes fundamental error not requiring an objection to
preserve error.  We disagree.

Blue is a plurality opinion, which is not
binding precedent and therefore we are not obligated to follow it.  Powell
v. State, 252 S.W.3d 742, 745 (Tex. App.—Houston [14th Dist.] 2008, no
pet.).  Even if Blue were binding, the trial court’s comments in this
case were not of such a nature that the presumption of innocence was tainted. 
Therefore, by failing to object to the trial court’s explanation of “beyond a
reasonable doubt,” appellant failed to preserve the argument for appellate
review.  Appellant’s third issue is overruled.

IV.      Did
the trial court abuse its discretion when it denied appellant’s motion for new trial
based on newly discovered evidence?

In her fourth issue, appellant contends the trial
court abused its discretion by denying her motion for new trial based on
allegedly newly discovered evidence she presented in her motion and at the
hearing on her motion for new trial.  In response, the State asserts appellant
waived her fourth issue because she failed to adequately brief her contentions
as required by Rule 38.1(i) of the Rules of Appellate Procedure.  We agree.

An appellant’s brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities
and the record.  Tex. R. App. P. 38.1(i).  This requirement is not satisfied by
merely uttering brief, conclusory statements unsupported by legal citations.  See
King v. State, 17 S.W.3d 7, 23 (Tex. App.—Houston [14th Dist.] 2000, pet.
ref’d).  Appellant’s briefing on her fourth issue provides no citations to the
record or legal authority supporting her position; therefore, it falls short of
the minimum required to present an issue for appellate review.  Id.  Because
appellant inadequately briefed this issue, she has waived error.  Id. 
We overrule appellant’s fourth and final issue.

Conclusion

Having overruled all of appellant’s issues necessary
for the final disposition of this appeal, we affirm the trial court’s judgment.


                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Frost, and Brown.

Publish
— Tex. R. App. P. 47.2(b).









[1] Officer Lyman testified
that an IP address tells you the name and location of a computer. 





[2] Lone Star College was
formerly known as North Harris Montgomery Community College.  Some of the trial
testimony referred to the school as “North Harris College.”





[3] Nonetheless, this does
not alter the constitutional authority of the intermediate courts of appeal to
evaluate and rule on questions of fact.  See Tex. Const. art. V, § 6(a) (“[T]he decision of [courts of
appeal] shall be conclusive on all questions of fact brought before them on
appeal or error.”)





[4] The jury charge tracked
the language of the statute; it asked the jury:

Therefore, if you believe
from the evidence beyond a reasonable doubt that in Harris County, Texas, SABINA
MUHAMMED, hereafter styled the Defendant, heretofore on or about February 24,
2007, did then and there unlawfully, knowingly access a computer system without
the effective consent of the owner, namely HEBER ISSAC SARAVIA, hereinafter
called the Complainant, then you will find the Defendant guilty.